COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                       NOS.
2-07-128-CR 

       2-07-129-CR

 

 

TOMMY RAY VIDAL                                                            APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Appellant Tommy Ray Vidal
appeals his convictions for unlawful possession of a firearm and possession of
a controlled substance, methamphetamine, in the amount of more than four grams
but less than two hundred grams.  We
affirm.








In a single point, appellant
complains that the trial court improperly denied his motion to suppress
evidence because the officers did not have either a search warrant or consent
and exceeded Athe scope
and the intensity of their authority@ to search his room.[2]









We review a trial court=s ruling on a motion to suppress evidence under a bifurcated standard
of review.[3]  In reviewing the trial court=s decision, we do not engage in our own factual review.[4]  The trial judge is the sole trier of fact and
judge of the credibility of the witnesses and the weight to be given their
testimony.[5]  Therefore, we give almost total deference to
the trial court=s rulings on
questions of historical fact and application‑of‑law‑to‑fact
questions that turn on an evaluation of credibility and demeanor.[6]  When the trial court=s rulings do not turn on the credibility and demeanor of the
witnesses, however, we review de novo a trial court=s rulings on mixed questions of law and fact.[7]  Finally, we must view the evidence in the
light most favorable to the trial court=s ruling.[8]

        On February 26, 2006, Officer Richard
Gambino and a trainee officer responded to a Budget Suites in Grand Prairie
with regard to a runaway child.  Officer
Michael Scott, a Johnson County Sheriff=s Deputy who worked as a courtesy officer at the Budget Suites, also
assisted in the investigation.  The
runaway child=s mother
told the officers that she thought her daughter was in one of two suites at the
hotel.  The three officers checked the
first suite and did not find the child, so they approached the second suite and
knocked on the door.   








Appellant looked out of the
window and asked what the officers wanted. 
The officers explained and entered the suite.  Officers Gambino and Scott testified that
appellant consented to their entry and let them into the room.  Appellant, a habitual offender, and Madeline McCarthy,
a teenager who was in the suite with appellant at the time (but was not the
runaway), maintained that appellant asked the officers if they had a search
warrant and refused to consent to their entry without one.[9]  








Once inside the suite,
Officers Gambino and Scott both saw marijuana in plain view in two places in
the bedroom.[10]  Further, upon request, appellant removed a
sweater that he had thrown over some objects as the officers entered the living
room, revealing a cigar filled with more marijuana and a blow torch.  Officer Scott also found bullets in a bag in
the living room.  Concerned for officer
safety, Officer Gambino patted down appellant and searched the couch on which
appellant was sitting, finding a loaded, black .380 caliber pistol between the
cushion and armrest.  One of the other
officers noticed a crumpled cigarette box on the floor Aright next to@ the couch
and found methamphetamine inside.  After
finding all of these items, one of the officers arrested appellant.[11]  Officer Gambino testified that he had been
inside the suite for a total of fifteen to twenty minutes before the arrest. 

A search conducted without a
warrant is per se unreasonable unless it falls within one of the Aspecifically defined and well-established@ exceptions to the warrant requirement.[12]  One such exception is a search conducted with
the consent of the suspect.[13]  

The validity of a consensual
search is a question of fact, and the State bears the burden to prove that
consent was obtained voluntarily.[14]  The issue of consent is generally a question
left to the trial court, and a finding of voluntary consent is reviewed for an
abuse of discretion.[15]  








In this case, appellant does
not argue that he consented involuntarily; rather, he claims he never consented
at all.  Although the trial court did not
make written fact findings, it stated on the record that the Aquestion is whether or not [appellant] gave the officers consent to
enter the room@ and that Athe police officers [were] more credible@ than appellant.[16]  Giving, as we must, almost total deference to
the trial court=s evaluation
of credibility and viewing the evidence in the light most favorable to the
trial court=s ruling, we
hold that the trial court did not abuse its discretion in finding that
appellant consented to the officers= entry into the suite.[17]


We also hold that the
officers did not exceed the scope or intensity of their authority once
inside.  An officer may, under certain
circumstances, seize items in plain view without a warrant.[18]  The plain view doctrine requires that the
officer have a right to be where he is and that it is immediately apparent that
the item seized constitutes evidence (that is, there is probable cause to
associate the item with criminal activity).[19]  








Further, an officer may
conduct a lawful search incident to arrest for weapons and evidence on the
person of an arrestee or in the area within the arrestee=s immediate control.[20]  A search incident to arrest may occur
pre-arrest as long as the officer has probable cause to arrest before the
search begins and the arrest follows quickly after the search.[21]

Appellant argues that once
the officers determined that the runaway child was not there, they were no
longer lawfully in the suite and the plain view doctrine could not apply.  The record reflects, however, that the
officers found the marijuana, which was admittedly in plain view, during the
initial search of the bedroom for the runaway. 
Because they had appellant=s consent to enter to look for the runaway and were in the course of
doing so when they observed the marijuana, we hold that Officers Gambino and
Scott were lawfully on the premises when they found the marijuana in plain
view.








Further, once the officers
observed the marijuana, they had probable cause to arrest appellant[22]
and were justified in searching the areas within his immediate controlCincluding the couch on which he was sitting and the cigarette package
on the floor next to the couchCfor weapons and evidence. 
Appellant=s arrest
quickly followed this search.  Thus, we
hold that the gun and methamphetamine were properly seized.[23]


For all of these reasons, we
hold that the trial court properly denied appellant=s motion to suppress evidence, and we overrule his sole point.  Accordingly, we affirm the trial court=s judgment.

PER CURIAM

PANEL A: 
CAYCE, C.J.; DAUPHINOT and GARDNER, JJ.

DO NOT PUBLISH        

Tex. R. App. P. 47.2(b)

DELIVERED: 
January 3, 2008                              











[1]See Tex. R. App. P. 47.4.





[2]When
briefing constitutional issues, a party should separate federal and state
issues into distinct points or issues and provide substantive argument on
each.  McCambridge v. State, 712
S.W.2d 499, 501B02
n.9 (Tex. Crim. App. 1986).  If, as here,
a party fails to do this, we need not address federal and state constitutional
issues separately.  See, e.g.,
Eldridge v. State, 940 S.W.2d 646, 650B51 (Tex. Crim. App. 1996)
(declining to pursue appellant=s state constitutional
argument for him); Jones v. State, 949 S.W.2d 509, 514 (Tex. App.CFort
Worth 1997, no pet.) (deeming federal and state constitutional protections
identical because appellant=s brief did not address
differences in protections against unreasonable search and seizure).





[3]Carmouche
v. State, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000); Guzman
v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).  





[4]Romero
v. State, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990); Best
v. State, 118 S.W.3d 857, 861 (Tex. App.CFort Worth 2003, no
pet.).  





[5]State
v. Ross, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000); State v. Ballard,
987 S.W.2d 889, 891 (Tex. Crim. App. 1999). 






[6]Montanez
v. State, 195 S.W.3d 101, 108B09
(Tex. Crim. App. 2006); Johnson v. State, 68 S.W.3d 644, 652B53
(Tex. Crim. App. 2002); State v. Ballman, 157 S.W.3d 65, 68 (Tex. App.CFort
Worth 2004, pet. ref=d). 





[7]Estrada
v. State, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005); Johnson,
68 S.W.3d at 652B53.





[8]State
v. Kelly, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006). 





[9]Appellant
testified that he would not have consented to the officers= entry
because he knew he could go to jail for the rest of his life.  He did, however, Astash[]
what [he] could@
before answering the door to speak to the officers. 





[10]The
marijuana in the bedroom was located on a night stand and on top of or in an
open box.  Appellant admitted that there
was marijuana in plain view.





[11]Appellant
does not challenge the propriety of his warrantless arrest.  





[12]McGee
v. State, 105 S.W.3d 609, 615 (Tex. Crim. App.), cert.
denied, 540 U.S. 1004 (2003); see Best, 118 S.W.3d at 862.





[13]Gutierrez
v. State, 221 S.W.3d 680, 686B87
(Tex. Crim. App. 2007); Reasor v. State, 12 S.W.3d 813, 817 (Tex. Crim.
App. 2000). 





[14]Gutierrez, 221
S.W.3d at 686B87. 





[15]Johnson
v. State, 226 S.W.3d 439, 443 (Tex. Crim. App.
2007).  





[16]See
State v. Cullen, 195 S.W.3d 696, 698B99
(Tex. Crim. App. 2006) (contemplating that trial court=s
findings and conclusions may be made in writing or stated orally on the
record); Ross, 32 S.W.3d at 858 (same).





[17]Appellant
asserts in passing that the case should be Areversed and or remanded@ for
written findings of fact and conclusions of law to be made.  There is no indication in the record,
however, that appellant requested written findings of fact and conclusions of
law in the trial court.  Thus, appellant
has forfeited this complaint.  See
Tex. R. App. P. 33.1(a)(1); see
also Cullen, 195 S.W.3d at 699 (A[U]pon the request of the
losing party on a motion to suppress evidence, the trial court shall state its
essential findings.@). 





[18]E.g., Walter
v. State, 28 S.W.3d 538, 541 (Tex. Crim. App. 2000).





[19]Id.  





[20]Chimel
v. California, 395 U.S. 752, 762B63,
89 S. Ct. 2034, 2040 (1969).





[21]Rawlings
v. Kentucky, 448 U.S. 98, 111, 100 S. Ct. 2556, 2564 (1980);
Ballard, 987 S.W.2d at 892.





[22]See
Torres v. State, 182 S.W.3d 899, 902 (Tex. Crim. App. 2005) (AProbable
cause for a warrantless arrest requires that the officer have a reasonable
belief that, based on facts and circumstances within the officer=s
personal knowledge . . . an offense has been committed.@)
(citations omitted).





[23]See,
e.g., United States v. Robinson, 414 U.S. 218, 236, 94 S. Ct. 467,
477 (1973) (holding that where officer, in the course of search incident to
arrest, found crumpled package of cigarettes, he was entitled to inspect it and
seize heroin contained inside).